[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR EXTENSION OF TEMPORARY RESTRAINING ORDER FOR RELIEF FROM ABUSE DATED MARCH 30, 1993 (#133.00)
This case comes to this court on the above mentioned motion for extension of restraining order on a relief from abuse under46b-15 of the statutes. On January 12, 1993, this court granted a restraining order for the benefit of the applicant Susan Ferris. (Hereinafter called the applicant.) (William J. Clark is hereinafter called the respondent).
A hearing on this and other related motions took several days of court time. Those hearings were held on several non-consecutive days. Note, that the original order is coded in as #101.00. There presently is in the court, three files with the last motion having been coded in as motion #153.00.
The applicant and the respondent were once married to each other at Greenwich, Connecticut on December 3, 1988. The parties were divorced on May 4, 1990. The court has had a substantial opportunity to observe these people on numerous hearings and it is hard to believe that at one time, these parties loved each other.
Our government is established with three separate and equal branches of government. There is the Executive, the Legislative CT Page 4968 and the Judicial. The two relevant branches of government in this matter are the Legislative and the Judicial Branch.
The Legislative Branch is reflective of the policy of the people since it is elected and responds to the needs of the people through their representatives, the Senators and Representatives. AS times have changed, the legislature has responded to those changes in various areas. This court of its own experience has seen the old "blue laws" involving Sunday closings pass away into history as new legislation took their place. The old fault divorce was replaced by no-fault divorce. statutes involving alienation of affections, breach of promise and seduction were repealed by the legislature. The crime of adultery has been repealed by the legislature.
All of the above were done by the legislature in their infinite wisdom to reflect societies changing values and needs. Section 46b-15 commonly called the Relief From Abuse statute, came about to address those problems that the legislature felt were not covered by the laws then presently in existence. At common law there was no such law. Statutes in derogation of the common law must be strictly construed. The statute provides in section (a) as follows:
 "Any family or household member as defined in 46b-38a
(former spouses are covered under this section) who has been subjected to a continuous threat of physical pain or physical injury by another family or household member, may make an application to the Superior court for relief under this section."
The court reads this section to have certain elements:
(1) It must be a family or household member as defined in46b-38;
(2) the applicant must be subjected to a continuous threat;
(3) the threat must be of present physical pain or physical injury;
(4) by another family member.
It is clear that having been former spouses, they are family or household members. The question is, has the applicant sustained CT Page 4969 her burden of proof on the remaining elements of this section. There are no reported cases assisting this court in making that determination. The reason the court says this is because, what is abundantly clear from the testimony of the parties is the uncontradicted testimony that since the date of the dissolution, May 4, 1990, there has been no physical pain or physical injury inflicted on the applicant by the respondent. The thrust of the applicant's case is that she subjectively feels that she is subjected to a continuous threat of physical pain or physical injury.
This court perceives this statute to require a reasonable basis for the belief. Merely saying "I believe", is not sufficient in this court's opinion. Actions belie words. The definition of family violence talks about an incident resulting in physical harm, bodily injury or assault. It says, verbal abuse or argument does not constitute family violence except in certain circumstances. Although these people found themselves at numerous times in close proximity one to the other, there has been no evidence of any threat of physical pain or physical injury by the respondent against the applicant.
It is abundantly clear, that she feels uncomfortable about his physical presence and it is abundantly clear that he is comfortable having her feel that way. The problem this court has is that the activities of the respondent are not such that in this court's opinion should cause it to continue the restraining order.
The court is instructed and ordered by the statute as follows: "No order of the court shall exceed 90 days". . . so that the mandatory language of the statute in (d) is that it shall not exceed 90 days. The words are not permissive, they are mandatory. The court has an option to extend it in the same section when the statute provides. . . "except that an order may be extended by the court upon motion of the applicant for such additional time as the court deems necessary." (emphasis added). This court does not find it necessary to extend this order. Why does the court not find it necessary to extend this order? First of all, it is clear that the criminal law in the state of Connecticut is replete with sanctions protecting one's conduct to the other. We have statutes prohibiting assault. We have statutes prohibiting sexual assaults, contacts and rapes. We have statutes prohibiting kidnapping and restraint. We have statutes prohibiting criminal trespass and simple trespass. We have statutes concerning criminal mischief in various degrees. We have statutes concerning breach of the peace. CT Page 4970 That statute provides in section 2 of 53a-181 "a person is guilty of breach of the peace when he . . . assaults or strikes another" or in Section 3 "threatens to commit any crime against another person or his property." We have an intimidation statute based on bias. We have a stalking statute which is new and provides in 53a-181d, Stalking in the second degree, a class A misdemeanor (misdemeanor calls for up to one year in jail or $1,000 find or both). "A person is guilty of stalking in the second degree when, with intent to cause another person to fear for his physical safety, he willfully and repeatedly follows or lies in wait for such other person and causes such other person to reasonably fear for his physical safety". (his and her are interchangeable in the statute). We have statutes providing for disorderly conduct. we have statutes concerning harassment. All of these are there to protect the public and to protect the applicant.
The court notes that the relief sought in the relief from abuse as provided in the statute, are all covered by criminal laws. The court can order the respondent not to restrain the person (covered under criminal statutes). (2) Threatening (covered under criminal statutes), (3) Harassing (covered under criminal statutes), (4) Assaulting (covered under criminal statutes), (5) Molesting (covered under criminal statutes), (6) Sexually Assaulting (covered under the criminal statutes), (7) Attacking the Applicant (covered under the criminal statutes), (8) Entering the Dwelling (covered under the criminal statutes). Note, all of the restraining order matters are covered under the criminal statutes.
The court further finds that it is not necessary to extend this order since it seems that everyone in Greenwich connected with these people's lives knows about the Ferris-Clark problems. The Deputy Chief of Police testified in this case and said that whenever he sees Mr. Clark in public, he never takes his eyes off of him. The police department has spent innumerable hours policing the problems between these two people. The director of the library said that she spends one/sixth of her time addressing the problems of Ferris and Clark. Library employees testified about the relationship and being aware of the problems. This is not the isolated woman at home, abused in private and no one there to protect her as is the common applicant for the relief from abuse.
It is not necessary to extend this restraining order since the applicant is well aware of her legal rights and is not afraid to testify, speak up and be heard. This is not the woman who has been dominated and controlled by someone in a relationship that she CT Page 4971 cannot get out of.
It is further not necessary to extend this restraining order since no act of physical violence has occurred since the restraining order has been in place. It seems that the legislative purpose had been complied with. It appears to this court that the 90 day period was intended to give the applicant granted a restraining order time to put in place her resources and protections to avoid future conduct. It appears abundantly clear in this case that, that infrastructure is in place.
The statute has contemplated that other relief may be appropriate when the act provided in section (h) "an action under this section shall not preclude the applicant from seeking any other civil or criminal relief." Therefore, all other civil or criminal areas for relief are open to the applicant.
One must not forget that this court originally granted the application. The court finds that the purpose of the legislation was satisfied and accordingly, the request to extend the restraining order is denied. Entering this order, the court has taken into consideration all of the testimony of all of the witnesses and has reviewed all of the exhibits and all of the motions in the file and all of the briefs and arguments of the parties in the case. The applicant has the burden of proof and she has failed to sustain that burden of proof to cause this court to continue the restraining order. She has attempted to place the blame on the respondent for all of the things that have gone wrong in her life concerning her automobiles, telephone calls and problems with her friends. Mr. Clark despite investigations done by the police department, has not been convicted of any crimes. None of the applicant's witnesses testified concerning any physical violence or physical injury on the applicant by the respondent since the restraining order was issued.
One Linda Knopf, the Director of the Greenwich YWCA Domestic Abuse Service, testified that she had not observed any physical violence. After she testified, her concluding remarks were, after being asked how could this be resolved (the problems between the applicant and the respondent), she said "she sees no way to resolve this situation." Certainly, this court does not see a continuation of the restraining order as a solution to the problem.
It is clear that there was no violence during the time the. parties courted. It is clear that in her affidavit of December 30, CT Page 4972 1992, she alleged no physical harm, bodily injury or assault. The Deputy Chief, Robbins testified that he had not observed any physical abuse by the respondent to the applicant in the last three months.
Accordingly, the request to extend the relief from abuse is denied since the applicant has not sustained her burden of proof by a fair preponderance of the evidence that the continuation of the restraining order is necessary.
KARAZIN, J.